———

(117 App. Div. 523)

### In re RUBENS' WILL.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

WILLS—PROBATE—APPLICATION—AMENDMENT.

Petitioner applied for the probate of an alleged will, charging that the deceased was at the time of his death a resident of Paris, France, and that he died there on June 1, 1906, leaving assets within the state and county of New York. Testator's next of kin filed objections, alleging that decedent at the time he executed the alleged will was a resident of and domiciled in Paris, and that the will was not executed according to the laws of France, whereupon petitioner applied for leave to amend the petition so as to charge that the decedent for many years had been a sojourner or temporary resident in Paris, and that he died leaving assets within the state and county of New York, and at the time of his death he was a citizen of the United States and a domiciled resident of the city and county of New York. *Held*, that the order denying proponent's application for amendment was erroneous.

Appeal from Order of Surrogate, New York County.

Application by one of the executors of the alleged will of Charles Rubens (also known as Samuel Woog), deceased, for the proof of such instrument as a will of real and personal property. From a surrogate's order denying proponent's application for leave to amend his petition, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Paul Fuller, for appellant.
J. Woolsey Shepard, for respondents.
Délos McCurdy, for Jennie King and Marie H. Seeligman, legatees.

SCOTT, J. The petitioner, appellant, being one of the executors named in a paper purporting to be the will of Charles Rubens, deceased, filed in the surrogate's office on July 19, 1906, a petition asking that

said paper be admitted to probate as the last will and testament of said Rubens. The petition contained the following allegation:

"That the said deceased was at the time of his death a resident of the city of Paris, France, and departed this life in the said city of Paris, France, on the 1st day of June, 1906, leaving assets within the state and county of New York."

A number of the next of kin have filed objections to the probate, alleging, among other things, that the deceased, at the time he executed the alleged will, was a resident of and domiciled in the city of Paris, France, and that the said alleged will was not executed according to the laws of the said deceased's residence, to wit, the republic of France, and hence that the surrogate has no jurisdiction to entertain the proceeding for the probate of said will or to admit it to probate. Said objectors seem to be disposed to urge, if we may judge from their briefs, that this particular objection is sought to be established by the statement quoted above from the petition. The petitioner now seeks to amend his petition by alleging, in place of the allegation quoted above, the following:

"That the said decedent departed this life on the 1st day of June, 1906, at the city of Paris, France, where he then was, and had for many years previous to his said death been, a sojourner or temporary resident, leaving assets within the state and county of New York. That he was at the time of his death a citizen of the United States, and a domiciled resident of the city and county of New York."

The surrogate denied the motion for the amendment of the petition. We are of the opinion that the motion should have been granted. The modern tendency has been to afford litigants every reasonable opportunity, if seasonable application be made, to put their pleadings into such form as they consider will best present their contention as to the questions at issue. This practice tends to promote the ends of justice, and to prevent the doing of injustice through technical or inadvertent errors of pleading. If the petitioner, through inadvertence or mistake, failed to present the facts concerning the residence and the domicile of the deceased as they really are, and should thereby be considered as having made an admission fatal to the granting of his petition, most grave injustice might be wrought, not alone to him, but to the legatees named in the will, who are certainly not chargeable with any erroneous statement which may have crept into the petition. On the other hand, no injustice whatever can result to any one, legatee or contestant, if the petitioner be allowed to so frame his petition that the actual facts of the case, whatever they may be, may be elucidated and laid before the surrogate for his consideration.

The order must therefore be reversed, and the motion granted, with $10 costs and disbursements in this court, payable out of the estate. All concur.